RONALD J. FRENCH, M.D.      \*      NO. 2023-C-0630
AND FLORA FRENCH

    \*

VERSUS      COURT OF APPEAL

    \*

QUALITY NIGHTHAWK      FOURTH CIRCUIT
TELERADIOLOGY GROUP,      \*
INC.      STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-01751, DIVISION "D"
Honorable Inemesit O'Boyle, Judge
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*

(Court composed of Judge Rosemary Ledet, Judge Paula A. Brown, Judge Tiffany
Gautier Chase)

Jeff Landry
Attorney General
Phyllis E. Glazer
Assistant Attorney General, Appellate Counsel
Gina M. Chiasson
Assistant Attorney General, Trial Counsel
Louisiana Department of Justice
Litigation Division
1885 N. Third Street, 3rd Floor
Baton Rouge, LA 70802

      COUNSEL FOR RELATOR

T. Carey Wicker, III
Michael S. Sepcich
Vincent E. Odom
Thomas C. Walker, IV
Davida F. Packer
Capitelli and Wicker, Attorneys at Law
1100 Poydras Street, Suite 2950
New Orleans, LA 70163

      COUNSEL FOR RESPONDENT

             **WRIT GRANTED; JUDGMENT REVERSED**
             **OCTOBER 26, 2023**

Relators, State of Louisiana, through the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, on behalf of LSU Health Sciences Center and Dr. Guy Orangio, M.D. (hereinafter collectively "the State"), seek review of the trial court's August 30, 2023 judgment granting Respondents' (hereinafter collectively "Dr. French") motion *in limine*.[1] After consideration of the record before this Court, and the applicable law, we grant the writ and reverse the judgment of the trial court granting Dr. French's motion *in limine*.

### Relevant Facts and Procedural History

On January 8, 2015, Dr. Ronald J. French, underwent a laparoscopic partial colectomy performed by Dr. Orangio. It is undisputed that Dr. French executed an informed consent form prior to the procedure. After the procedure, he suffered a ureteral injury and anastomotic leak. On February 19, 2016, Dr. French filed a medical malpractice petition for damages alleging that the radiologic study was negligently misread, resulting in his injuries. Dr. French subsequently filed a supplemental and amending petition for damages adding the State as defendants and alleging that Dr. Orangio negligently performed the surgery which resulted in

---

[1] Respondents are Dr. Ronald J. French and Flora French. We will refer to Dr. French, by his name, in his individual capacity and refer to Respondents collectively as "Dr. French."

1

the complications. Specifically, Dr. French maintained that the State was negligent in failing to appropriately assess him for an intra-operative injury and in failing to recognize clinically significant information that should have spurred additional treatment and timely surgical intervention.

Dr. French filed a motion *in limine*, on June 30, 2023, seeking to prohibit reference to or introduction of the informed consent form. Dr. French argued that reference to the consent form was irrelevant and prejudicial, potentially causing confusion to the jury, because he was not making a lack of informed consent claim. Conversely, the State maintained that the consent form demonstrates that Dr. French was aware that the injuries he sustained were known risks of the partial colectomy procedure. By judgment dated August 30, 2023, the trial court granted the motion *in limine* and excluded evidence, "directly or indirectly," regarding Dr. French being informed of treatment risks and/or consenting to the procedure. At the hearing on the matter, the trial court determined that the prejudicial effect of evidence regarding informed consent outweighed its probative value. This writ followed in which the State seeks review of the trial court's interlocutory ruling.

## Discussion

The sole issue before this Court is whether the trial court erred in granting Dr. French's motion *in limine*. Appellate Court's review a trial court's judgment regarding a motion *in limine* under an abuse of discretion standard of review. *River Rental Realty LLC, Deep S. Leasing, LLC*, 2017-0982, p. 8 (La.App. 4 Cir. 6/20/18), 250 So.3d 372, 377. "An abuse of discretion generally results from a conclusion reached capriciously or in an arbitrary manner." *Boudreaux v. Bollinger Shipyard*, 2015-1345, p. 16 (La.App. 4 Cir. 6/22/16), 197 So.3d 761, 771 (citation

2

omitted). The definition of "arbitrary or capricious" is taking the action in the absence of a rational basis. *Id.*

The State asserts that the trial court erred in excluding all evidence, either "directly or indirectly," regarding Dr. French being informed of treatment risks and/or consenting to the procedure. It maintains that this ruling prohibits the State from introducing evidence relating to Dr. French's consent to the procedure and his knowledge of any known risks. Conversely, Dr. French maintains that evidence of consent is irrelevant because he is not asserting a claim based on informed consent; rather, his claim is premised upon a breach of standard of care.

In the case *sub judice*, Dr. French alleges that the State breached its standard of care by failing to evaluate and treat symptoms of known complications of a partial colectomy. The trial court ultimately excluded the informed consent evidence pursuant to La. C.E. art. 403, finding that the probative value of the evidence is outweighed by its prejudicial effect. La. C.E. art. 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." We find the trial court made a conclusory finding without properly conducting a La. C.E. art. 403 balancing test. "[T]he [trial] court must be mindful of the balancing of interests set forth in [La.] C.E. art. 403… ." *Simpson v. U V Ins. Risk Retention Grp., Inc.*, 2019-0625, p. 12 (La.App. 3 Cir. 9/30/20), 304 So.3d 1002. 1012. This Court must balance the State's right to present a defense with Dr. French's right to prove negligent conduct on the part of the State.

We acknowledge that Dr. French's claim is not based upon a lack of informed consent. However, to create a blanket prohibition on introduction of all

3

evidence regarding consent and informed risks is highly prejudicial. The State's defense is predicated on Dr. French being informed of the risks associated with the procedure and that a ureteral injury and anastomotic leak is a known complication of the partial colectomy procedure. The trial court can observe the context in which the issue of informed consent is presented and determine admissibility at that phase of the proceeding. Additionally, any obstacle regarding the issue of informed consent can be alleviated by a properly curated jury instruction. Accordingly, we find that the probative value of evidence that Dr. French consented to the procedure, and was therefore informed of the risk, outweighs any potential prejudice. Thus, there exists no rational basis for the exclusion of the evidence and its exclusion was an abuse of discretion by the trial court.

**WRIT GRANTED; JUDGMENT REVERSED**